# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MELISSA ORDIWAY**,

    Plaintiff,

v.

**KALITTA AIR, L.L.C.**, **a domestic limited liability company, and DAVID BLACKABY**, **an individual**,

    Defendants.

Case No.

Hon.

_____

**MILLER COHEN, P.L.C.**
Richard G. Mack, Jr. (P58657)
Jacob S. Porcarelli (P87351)
*Attorneys for Plaintiff*
7700 Second Ave, Suite 335
Detroit, MI 48202
PH: (313) 964-4454
richardmack@millercohen.com
jporcarelli@millercohen.com

_____

There is no other pending or resolved
civil action arising out of the same transaction
or occurrence as alleged in the complaint.
*/s/ Richard G. Mack, Jr.*

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, by and through counsel, MILLER COHEN, P.L.C., and for her complaint against Defendants, KALITTA AIR, L.L.C. and DAVID BLACKABY, states as follows:

## INTRODUCTION

1. Through this Complaint, Plaintiff seeks redress from her former employer, Defendant Kalitta Air, L.L.C. ("Kalitta"), for the creation and maintenance of a hostile work environment due to Plaintiff's sex and national origin, in addition to Kalitta's illegal and retaliatory termination of Plaintiff.

2. Plaintiff also seeks redress from her former colleague, Defendant David Blackaby, who physically battered her, placed her in reasonable apprehension of further battery, and subjected Plaintiff to intentional infliction of emotional distress.

3. Plaintiff seeks declaratory and injunctive relief, actual damages, compensatory damages, punitive damages, attorney's fees, litigation costs, and pre-and post-judgment interest as remedies for Defendants' violations of the law.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff, at all relevant times hereto, resided in the Eastern District of Michigan.

5. Defendant Kalitta Air, L.L.C. ("Kalitta") is a domestic limited liability company whose principal place of business is located in Ypsilanti, Michigan.

6. Upon information and belief, Defendant David Blackaby, at all relevant times hereto, resided in the Eastern District of Michigan.

7. During Plaintiff's employment with Defendant Kalitta, Plaintiff reported to Defendant's worksite located at 5063 Skyway Street, Oscoda, Michigan 48750.

8. All relevant events took place in Oscoda, Michigan, which sits inside the Eastern District of Michigan.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in this judicial district.

10. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received her right-to-sue letter on November 14, 2025.

11. This Complaint and Jury Demand is filed within ninety (90) days of Plaintiff being issued her right-to-sue letter.

12. For Plaintiff's claims which arise under federal law, this Court has federal question of jurisdiction pursuant to 28 U.S.C. § 1331.

13. For Plaintiff's state law claims, this Court has supplemental jurisdiction pursuant to 29 U.S.C. § 1367.

14. All conditions precedent to file suit have been met.

## GENERAL ALLEGATIONS

15. Plaintiff realleges the preceding paragraphs and incorporates them as though fully stated herein.

16. Plaintiff began working for Defendant through a staffing agency in 2019.

17. On or about March 18, 2021, Plaintiff was hired directly by Defendant.

18. Throughout Plaintiff's employment with Defendant Kalitta, Plaintiff was unfairly subject to repeated instances of discrimination and harassment.

### National Origin Harassment by Keith Legstra

19. Plaintiff was born near Las Vegas, Nevada, but spent most of her life in Central America.

20. Around ten years ago, Plaintiff returned to the United States to live and work.

21. Plaintiff's first language was Spanish and as a result, speaks English with a Spanish accent.

22. On multiple occasions, Plaintiff's supervisor, Keith Legstra, mocked Plaintiff's accent by repeating things she said in a Spanish accent.

4

23. On multiple occasions, Mr. Legstra purposely pretended not to understand Plaintiff despite Plaintiff being a fluent English speaker.

24. On multiple occasions, Plaintiff expressed safety concerns to Mr. Legstra, and he informed Plaintiff that her concerns were incorrect and were the result of an alleged "language barrier."

25. On one occasion, Mr. Legstra accused Plaintiff of not reading one of Kalitta's manuals correctly because of a "language barrier."

**Sexual Harassment by Keith Legstra**

26. In March of 2024, Keith Legstra, made a joke in front of Bill O'Neal, manager of Defendant Kalitta's Pratt and Whitney Powerplant Building #3 about Plaintiff's buttocks. While Plaintiff was walking away, he said she needed to slow down to let the rest of her catch up. Mr. O'Neal laughed at this.

27. In addition to the joke made in front of Mr. O'Neal, Mr. Legstra repeatedly made jokes about the size of Plaintiff's buttocks. One such joke was that she required a bumper light on her buttocks for whenever she took a step backward.

28. Plaintiff reported Mr. Legstra's comments to her lead, Jerry Wojciechowski. However, he declined to address the matter.

5

**Sexual Harassment by David Blackaby**

29. In May 2024, Plaintiff's coworker, Defendant David Blackaby, began sexually harassing Plaintiff.

30. Defendant Blackaby's harassment included, but is not limited to conduct such as:

    a. Making frequent comments about Plaintiff's buttocks;

    b. Sending Plaintiff flirtatious messages on Facebook;

    c. Showing Plaintiff a picture of her that she posted on her personal Facebook page that Defendant Blackaby found and zoomed in on her buttocks;

    d. Showing Plaintiff a photograph of himself masturbating;

    e. Grabbing Plaintiff by the hips, pulling her into his crotch, and rubbing his crotch across her buttocks; and

    f. Getting so close to Plaintiff from behind that Plaintiff could feel his breath on her ear while he whispered comments to her.

31. Plaintiff repeatedly opposed Mr. Blackaby's unwelcome conduct.

32. Plaintiff reported Mr. Blackaby's unwelcome conduct to her lead, Mr. Wojciechowski, but he declined to address it.

33. Despite having been placed on notice of Defendant Blackaby's conduct, Defendant failed to intervene and stop the harassment from occurring.

**Ms. Ordiway Retains Counsel and is Subsequently Terminated**

34. In December 2024, Plaintiff retained an attorney, unaffiliated with undersigned counsel, to assist her with the harassment she had been facing while working for Defendant Kalitta.

35. On or about January 2, 2025, Plaintiff's then-attorney sent a demand letter to Defendant Kalitta seeking a resolution of the issues between Plaintiff and Defendant Kalitta.

36. Shortly thereafter, Plaintiff was terminated on February 16, 2025.

## COUNT I
## TITLE VII – SEXUAL HARASSMENT
## AGAINST DEFENDANT KALITTA

37. Plaintiff realleges the preceding paragraphs as though fully stated herein.

38. Plaintiff was harassed because of her sex by employees of Defendant Kalitta.

39. The harassing conduct was unwelcome.

40. Plaintiff viewed the conduct as severe and pervasive.

41. A reasonable person in Plaintiff's position would deem the conduct severe and pervasive.

42. Defendant Kalitta had either actual and/or constructive notice of the conduct and failed to take prompt remedial action.

## COUNT II
## TITLE VII – RETALIATION
## AGAINST DEFENDANT KALITTA

43. Plaintiff realleges the preceding paragraphs as though fully stated herein.

44. Plaintiff engaged in protected activity when she reported discriminatory conduct to Defendant Kalitta's agents.

45. Plaintiff further engaged in protected activity when she retained counsel unaffiliated with undersigned counsel to assist her in seeking redress for Defendant Kalitta's discriminatory conduct.

46. Shortly after Plaintiff engaged in protected activity, Defendant Kalitta terminated Plaintiff's employment.

47. Defendant Kalitta's statements submitted to the EEOC, in addition to the underlying relevant facts, demonstrate a causal connection between Plaintiff's protected activity and Plaintiff's termination.

48. Defendant Kalitta's conduct would deter any reasonable employee from reporting discriminatory conduct or harassment.

8

## COUNT III
## MICHIGAN'S ELCRA – SEXUAL HARASSMENT
## AGAINST DEFENDANT KALITTA

49. Plaintiff realleges the preceding paragraphs and incorporates them as though fully stated herein.

50. Plaintiff was harassed because of her sex by Mr. Legstra and Defendant Blackaby.

51. The conduct of Mr. Legstra and Mr. Blackaby was unwelcome.

52. A reasonable person in Plaintiff's position would deem the conduct severe and pervasive.

53. Defendant Kalitta had either actual and/or constructive notice of the conduct and failed to take prompt remedial action.

## COUNT IV
## MICHIGAN'S ELCRA – RETALIATION
## AGAINST DEFENDANT KALITTA

54. Plaintiff realleges the preceding paragraphs as though fully stated herein.

55. Plaintiff engaged in protected activity when she reported discriminatory conduct to Defendant Kalitta's agents.

56. Plaintiff also engaged in protected activity when she retained counsel to assist her in seeking redress for Defendant Kalitta's discriminatory conduct.

9

57. Shortly after Plaintiff engaged in protected activity, Defendant Kalitta terminated Plaintiff's employment.

58. Defendant Kalitta's statements submitted to the EEOC, in addition to the underlying relevant facts, demonstrate a causal connection between Plaintiff's protected activity and Plaintiff's termination.

59. Defendant Kalitta's conduct would deter any reasonable employee from reporting discriminatory conduct or harassment.

## COUNT V
## TITLE VII – NATIONAL ORIGIN DISCRIMINATION
## AGAINST DEFENDANT KALITTA

60. Plaintiff realleges the preceding paragraphs as though fully stated herein.

61. Plaintiff was harassed because of her national origin by Kalitta agent Keith Legstra.

62. The harassment was severe and pervasive and interfered with Plaintiff's ability to perform her duties.

63. A reasonable person in Plaintiff's position would deem the conduct severe and pervasive.

64. Defendant Kalitta had either actual and/or constructive notice of the conduct and failed to take prompt remedial action.

## COUTNT VI
## ELCRA – NATIONAL ORIGIN DISCRIMINATION
## AGAINST DEFENDANT KALITTA

65. Plaintiff realleges the preceding paragraphs as though fully stated herein.

66. Plaintiff was harassed because of her national origin by Keith Legstra.

67. The harassment was severe and pervasive and interfered with Plaintiff's ability to perform her duties.

68. A reasonable person in Plaintiff's position would deem the conduct severe and pervasive.

69. Defendant Kalitta had either actual and/or constructive notice of the conduct and failed to take prompt remedial action.

## COUNT VII
## CIVIL BATTERY
## AGAINST DEFENDANT DAVID BLACKABY

70. Plaintiff realleges the preceding paragraphs as though fully stated herein.

71. Defendant Blackaby committed an unlawful and offensive touching of Plaintiff when he intentionally grabbed Plaintiff and rubbed his crotch against Plaintiff's backside without her consent.

72. Plaintiff was deeply offended and felt violated as a result of Defendant Blackaby's conduct.

### COUNT VIII
### CIVIL ASSAULT
### AGAINST DEFENDANT DAVID BLACKABY

73. Plaintiff realleges the preceding paragraphs as though fully stated herein.

74. Defendant Blackaby placed Plaintiff in a reasonable apprehension of a battery by grabbing Plaintiff and rubbing his crotch across her buttocks.

75. Defendant further placed Plaintiff in a reasonable apprehension of a battery by approaching Plaintiff so closely that she could feel his breath on her ear.

### COUNT IX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
### AGAINST DEFENDANT DAVID BLACKABY

76. Plaintiff realleges the preceding paragraphs as though fully stated herein.

77. Defendant Blackaby routinely harassed Plaintiff on multiple occasions and such harassment included physically battering Plaintiff, invoking fear of battery in Plaintiff, showing Plaintiff a picture of his exposed penis, and making repeated sexual comments to Plaintiff.

78. In totality, Plaintiff's conduct is extreme and is conduct not tolerated among civilized society.

79. A recitation of the facts concerning Plaintiff and Defendant Blackaby to any reasonable person would result in that person claiming "Outrageous!"

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter a judgment in favor of Plaintiff and award all monetary and equitable relief for which she is entitled under the law, including punitive damages, attorney's fees, and costs.

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By: */s/ Richard G. Mack, Jr.*
Richard G. Mack, Jr. (P58657)
Jacob S. Porcarelli (P87351)
7700 Second Ave, Suite 335
Detroit, MI 48202
PH: (313) 964-4454
richardmack@millercohen.com
Dated: 2/9/2026   jporcarelli@millercohen.com

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MELISSA ORDIWAY,**                                     Case No.

    Plaintiff,                                     Hon.

v.

**KALITTA AIR, L.L.C., a
domestic limited liability company, and
DAVID BLACKABY, an individual,**

    Defendants.

_____

**MILLER COHEN, P.L.C.**
Richard G. Mack, Jr. (P58657)
Jacob S. Porcarelli (P87351)
*Attorneys for Plaintiff*
7700 Second Ave, Suite 335
Detroit, MI 48202
PH: (313) 964-4454
richardmack@millercohen.com
jporcarelli@millercohen.com

_____

## **DEMAND FOR TRIAL BY JURY**

NOW COMES, Plaintiff, MELISSA ORDIWAY, by and through counsel, MILLER COHEN, P.L.C., and hereby states her demand for a trial by jury for all issues so triable.

                                                  Respectfully submitted,

                                                  **MILLER COHEN, P.L.C.**

By: */s/ Richard G. Mack, Jr.*
Richard G. Mack, Jr. (P58657)
Jacob S. Porcarelli (P87351)
7700 Second Ave, Suite 335
Detroit, MI 48202
PH: (313) 964-4454
richardmack@millercohen.com
jporcarelli@millercohen.com

Dated: 2/9/2026